IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERT TROY McCLURE, PRO SE, also known as ROBERT T. McCLURE, TDCJ-CID No. 1420457, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:11-CV-0060 |
| Warden LARRY E. BERGER ET AL., | § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff ROBERT TROY McCLURE, acting pro se and while a prisoner confined in the custody of the Texas Department of Criminal Justice, Institutional Division, filed suit pursuant to Title 42, United States Code, Section 1983 complaining against five prison officials of the Texas Department of Criminal Justice and was granted permission to proceed in forma pauperis.

Review of plaintiff's litigation history reveals plaintiff has accumulated four "strikes" under the Prison Litigation Reform Act. The grant of pauper status should be revoked and the instant cause dismissed for failure to pay the filing fee.

Historically, courts have never been bound by a plaintiff's economic status on the filing date of a lawsuit but could re-evaluate a litigant's eligibility for pauper status where changes in his financial condition occurred during the pendency of suit. *Carter v. Telectron, Inc.*, 452 F.Supp. 939, 942 (S.D.Tex. 1976). Thus, for example, if the allegation of poverty was determined to be no longer true because of a subsequent improvement in the economic status of the plaintiff, it was within the discretion of the district court to dismiss the proceeding or require

that the costs of litigation to date be paid by the plaintiff in lieu of dismissal. *Id*. Nothing in the Prison Litigation Reform Act (PLRA) eliminated the power of the courts in this regard.

"Because in forma pauperis status is a privilege, it follows that the privilege may be revoked when the goals of section 1915 are not being furthered." *Murphy v. Jones*, 801 F.Supp. 283, 288 (E.D.Mo. 1992). The passage of the Prison Litigation Reform Act (PLRA) was effected, in part, "to deter frivolous prisoner litigation in courts 'by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Jackson v. Stinnett*, 102 F.3d 132, 137 (5th Cir. 1996)(quoting *Leonard v. Lacy*, 88 F.3d 181, 195 (2d Cir. 1996). Thus, the goals of section 1915 were modified by passage of the PLRA to include curbing abuse of the privilege to proceed without prepayment of fees. *See*, 28 U.S.C. § 1915(g). It logically follows that re-evaluation of a plaintiff's pauper status is appropriate where information comes to light showing he is an abusive litigant who is no longer eligible to proceed in forma pauperis.

Plaintiff ROBERT TROY McCLURE has sustained at least four dismissals which fulfill the "three strikes" provision of the PLRA. (1) Cause No. 5:08-CV-0804 was dismissed as a strike by the United States District Court for the Western District of Texas, San Antonio Division, December 4, 2008 and plaintiff's appeal was dismissed September 14, 19, 2009; (2) Cause No. 5:10-CV-0079 was dismissed as a strike by the United States District Court for the Eastern District of Texas, Texarkana Division, on May 24, 2010, and no appeal was taken; and (3) Cause No. 5:10-CV-0235 was dismissed as a strike by the United States District Court for the Eastern District of Texas, Texarkana Division, and the dismissal was affirmed on July 13, 2012. Also, (4) plaintiff's appeal in *McClure v. Sanchez*, slip op. no. 11-50274, 2011 WL 4495608 (5th

Cir., September 29, 2011) was dismissed as frivolous by the United States Court of Appeals for the Fifth Circuit.

Pursuant to Title 28, United States Code, section 1915(g), the Magistrate Judge FINDS plaintiff ROBERT TROY McCLURE has sustained at least three "strikes" while a prisoner and may not continue to proceed in forma pauperis in this case nor may he proceed as a pauper in any further new filings or appeals filed while a prisoner unless grounds are argued in a motion for leave which fall within the limited exception enumerated in 28 U.S.C. 1915(g). Review of the complaint shows that the grounds presented in this suit do not fall within the statutory exception.

Because plaintiff has already sustained three "strikes" and can no longer avail himself of the provisions for proceeding in forma pauperis, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that plaintiff's pauper status be REVOKED and that the instant cause be dismissed for failure to pay the requisite filing fee.

Plaintiff is advised that if he pays the remaining filing fee within <u>fourteen (14) days after the filing date hereof</u>, this Report and Recommendation of dismissal will be withdrawn.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 26th day of July, 2012.

_____
CLINTON E. AVERITTE

4/11-0060.wpd                                3

UNITED STATES MAGISTRATE JUDGE

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).