CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2012 AUG 15 AM 11: 31
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERT TROY McCLURE, PRO SE, also known as ROBERT T. McCLURE, TDCJ-CID No. 1420457,<br><br>Plaintiff,<br><br>v.<br><br>Warden LARRY E. BERGER ET AL.,<br><br>Defendants. | § § § § § § § § § § § § | 2:11-CV-0060 |

## ORDER REVOKING PAUPER STATUS AND ORDER OF DISMISSAL

Plaintiff ROBERT TROY McCLURE, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against various defendants employed by or otherwise associated with the Texas Department of Criminal Justice and was granted leave to proceed *in forma pauperis*.

On July 26, 2012, a Report and Recommendation was filed by the United States Magistrate Judge noting plaintiff's accumulation of at least four "strikes", analyzing plaintiff's litigation history and his claims under Title 28, United States Code, section 1915(g), and recommending plaintiff's pauper status be revoked and the instant cause be dismissed for failure to pay the filing fee.

Plaintiff was instructed that, if he elected to pay the filing fee, he could utilize the period for objections in which to do so.

Plaintiff did not pay the filing fee. Plaintiff filed his objections on August 13 2012.

By his Objections, plaintiff accuses the Court of delay in the initial processing of this cause. The docket shows there was an eight month delay in initial review of plaintiff's claims but that subsequently the case has proceeded at a reasonable speed.

Nevertheless, unknown to the Court, plaintiff had accumulated two "strikes" even before March 3, 2011, the date on which he filed the instant cause. Those "strikes" were (1) *McClure v. Baggett*, cause no. 5:10-CV-079 (E.D.Tex., dsm'd as frivolous May 7, 2010 and no appeal taken); and (2) *McClure v. Holder*[1], cause no. 5:08-CV-0804 (W.D.Tex., dsm'd without prejudice Dec. 5, 2008 and appeal dsm'd Sept. 8, 2009).

At the time he filed the instant lawsuit, plaintiff concealed by omission his second "strike." Despite the requirement that he reveal his previous lawsuits, at Question I on page 2 of the prisoner civil rights complaint form filed March 3, 2011 in the instant cause, and despite signing his complaint form under penalty of perjury, plaintiff utterly failed to reveal the existence of *McClure v. Holder*[2].

Subsequent to filing suit, plaintiff accumulated still more "strikes" in (1) plaintiff's appeal in *McClure v. Sanchez*, slip op. no. 11-50274, 2011 WL 4495608 (5th Cir., September 29, 2011) dismissed as frivolous by the United States Court of Appeals for the Fifth Circuit and (2) cause no. 5:10-CV-0235 (E.D.Tex. dsm'd as a strike and affirmed on July 13, 2012).

A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, "but he or she must do so without the aid of the i.f.p. procedures." *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). Plaintiff has accumulated more than his

---

[1] Partial dismissals, that is, dismissals of some but not all defendants in a lawsuit, are by Fifth Circuit practice, counted as a strike, even where the remaining defendant(s) go to summary judgment or trial. See, *e.g., Adeleke v. Heaton*, 352 F.Appx. 904, 2009 WL 3682539 No. 08-11211 (5th Cir. – Nov. 5, 2009); *Foreman v. Potter*, 2010 WL 2465 232, No. 09-11172 (5th Cir. June 18, 2010).

[2] The Court was informed of this case by the defendants in their June 26, 2012 Motion to Dismiss.

2

allotted three "strikes" and his claims do not fall under the exception to the bar against pauper status set forth in Title 28, United States Code, section 1915(g).

The undersigned United States District Judge has made an independent examination of the record in this case and has examined the Report and Recommendation of the Magistrate Judge, as well the objections filed by plaintiff. The District Judge is of the opinion plaintiff's objections should be, and hereby are, OVERRULED. The District Judge is of the further opinion that the Magistrate Judge's Report and Recommendation should be, and hereby is, ADOPTED, as supplemented herein.

IT IS THEREFORE ORDERED:

1. Plaintiff's pauper status is REVOKED.

2. The instant cause is DISMISSED WITHOUT PREJUDICE TO REFILING WITH PREPAYMENT OF THE FILING FEE. 28 U.S.C. § 1915(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail.

All pending motions are DENIED.

It is SO ORDERED.

Signed this the _____15th_____ day of August, 2012.

_____
MARY LOU ROBINSON
United States District Judge